IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Victor A. Dela Cruz, Mary M. Dela Cruz,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>Washington Mutual Bank, Federal Deposit Insurance Company, JP Morgan Chase, N.A., Wells Fargo Bank, N.A., California Reconveyance Company,<br><br>　　　　Defendants.<br>_____ | 2:11-cv-1176-GEB-DED<br><br><u>ORDER GRANTING THE FEDERAL DEPOSIT INSURANCE CORPORATION'S MOTION TO DISMISS FOR LACK OF JURISDICTION</u>[*] |

　　　　Defendant Federal Deposit Insurance Corporation ("FDIC"), erroneously sued as "Federal Deposit Insurance Company," moves under Federal Rule of Civil Procedure ("Rule") 12(b)(1) for dismissal of all Plaintiffs' claims alleged against it. The basis of FDIC's motion is that the Court is without subject matter jurisdiction since Plaintiffs "failed to exhaust the mandatory administrative claims process against [the] FDIC [as required by the Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA")] prior to filing suit."[1]

---

[*] 　　This matter is deemed suitable for decision without oral argument. E.D. Cal. R. 230(g).

[1] 　The FDIC argues in the alternative, that Plaintiffs' complaint should be dismissed under Rule 12(b)(6). Defendants JP Morgan Bank, N.A., Wells Fargo Bank, N.A., and California Reconveyance Company also move under Rule 12(b)(6) for dismissal of Plaintiffs' complaint. (ECF No. 12.) In addition, the FDIC moves under Rule 12(f) for an order striking portions of Plaintiffs' complaint. (ECF No. 10.) Since the FDIC's Rule 12(b)(1) motion will be granted and this case will be remanded to the state court from which it was removed if Plaintiffs have

(continued...)

(Defendant the Federal Deposit Insurance Corporation's Motion to Dismiss ("Mot.") 2:19-21, ECF No. 9-1.)

"A Rule 12(b)(1) jurisdictional attack may be facial or factual." Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). Here, the FDIC's Rule 12(b)(1) motion is a facial attack because it "asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." Id. Because a facial attack challenges jurisdiction based on what is alleged in the complaint, the factual allegations are assumed to be true, and all reasonable inferences capable of being drawn therefrom are drawn in favor of the non-movant. Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

The FDIC argues because "Plaintiffs have not even alleged that they have complied with FIRREA by filing an administrative claim with [the] FDIC . . . Plaintiffs have not exhausted their administrative remedies," and Plaintiffs' claims against the FDIC must be dismissed "for lack of subject matter jurisdiction under Rule 12(b)(1)." (Mot. 8:28, 9:1-5.)

Under FIRREA, judicial review is constrained as follows:
> Except as otherwise provided in this subsection, no court shall have jurisdiction over--
>
> (i) any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the Corporation has been

---

[1](...continued)
not exhausted FIRREA's mandatory administrative claims process for the claims against the FDIC, the Rule 12(b)(6) and Rule 12(f) motions will not be addressed in this order.

>>          appointed receiver, including assets which the
>> Corporation may acquire from itself as such
>> receiver; or
>
>          (ii) any claim relating to any act or omission of
> such institution or the Corporation as receiver.

12 U.S.C. § 1821(d)(13)(D). FIRREA is "a comprehensive statutory scheme granting [the] FDIC authority to act as Receiver for failed financial institutions [and] creat[ing] a statutory procedure for the processing of claims against the FDIC." Ramos v. NDEX West, LLC, No. 09-0190, 2010 WL 1675911, at *2 (E.D. Cal. June 1, 2009) (citing 12 U.S.C. §§ 1821(d)(3)-(13)). "FIRREA's exhaustion requirement applies to *any* claim or action respecting the assets of a failed institution for which the FDIC is receiver." McCarthy v. FDIC, 348 F.3d 1075, 1081 (9th Cir. 2003) (emphasis in original).

Plaintiffs allege that "[t]he Office of Thrift Supervision . . . closed Defendant [Washington Mutual] on September 25, 2009, and appointed the FDIC to act as receiver." (First Amended Complaint ("FAC") ¶ 7, ECF No. 3.) Plaintiffs allege eleven claims against the FDIC in the FAC. However, Plaintiffs do not allege in the FAC that they exhausted FIRREA's administrative remedies applicable to Plaintiffs' claims against the FDIC. Plaintiff's only reference in the FAC to the FIRREA administrative claims procedure is that "[o]n December 30, 2008, Defendant FDIC established the deadline for filing claims for [Washington Mutual's] liabilities." (FAC ¶ 39.) In addition, Plaintiffs do not indicate in their opposition to the FDIC's Rule 12(b)(1) motion that they have exhausted their claims against the FDIC under FIRREA. Instead, Plaintiffs argue FIRREA is not applicable and exhaustion is not necessary in this case because they are "challenging the direct actions of [Washington Mutual] in purportedly attempting to foreclose on their mortgage, and not the actions of FDIC as receiver[, and] . . . FDIC

3

stepped into [Washington Mutual's] shoes in acting beyond, or contrary to, its statutorily and contractually prescribed, constitutionally permitted, powers or functions." (Plaintiffs' Opposition to FDIC's Motion to Dismiss 6:17-23, ECF No. 17.)

However, "Plaintiffs' only basis for naming the FDIC as a Defendant is the fact that it is the receiver of [Washington Mutual], a failed bank that was party to Plaintiffs' loan agreement. As such, Plaintiffs' claims relate to any act or omission of an institution subject to FDIC receivership, triggering FIRREA's jurisdictional bar." Herrera v. Streamline Funding, Inc., No. 11-709, 2011 WL 2110813, at *3 (N.D. Cal. May 26, 2011) (finding "no support in the law" for the same arguments raised by Plaintiffs here).

Therefore, the FDIC's motion to dismiss for lack of jurisdiction is granted. This dismissal is without prejudice and Plaintiffs are granted five court (5) days leave from the date on which this order is filed to file an amended complaint for the limited purpose of alleging exhaustion of FIRREA's administrative claims procedure, if this occurred. If Plaintiffs do not amend their complaint as stated within this time period, this dismissal will be with prejudice and the Court will direct the Clerk of Court to enter judgment in favor of the FDIC, and to remand the case to the Superior Court of California in the County of Sacramento from which it was removed.

Dated: February 15, 2012

_____
GARLAND E. BURRELL, JR.
United States District Judge

4